## In re GODWIN.

District Court, E. D. Louisiana. December 14, 1926.

**Bankruptcy ⟨⟩328—Attorney, not filing claim for representing bankrupt and costs advanced within year of adjudication, held not guilty of laches, and claim was timely.**

Attorney, who failed to file his claim for fees for preparing schedules and representing bankrupt, and for reimbursement for money advanced on behalf of bankrupt for costs of court, within one year from date of the adjudication of bankruptcy, *held* not guilty of laches, and was entitled to prove his claim, where the sole asset of the estate was in the hands of a third party, and was collected by order of court over the opposition of the attorney.

In Bankruptcy. In the matter of the bankruptcy of Frost A. Godwin. In proceedings before the referee to settle the trustee's account, Paul W. Maloney filed an opposition, and the referee dismissed the opposition. On petition for review. Order vacated and set aside, and case remanded.

P. W. Maloney, of New Orleans, La., for bankrupt.

B. P. Landry, of New Orleans, La., for trustee.

BURNS, District Judge. A petition for review is filed here by Paul W. Maloney, Esq., attorney for the bankrupt. In proceedings before the referee, looking to the settlement of the trustee's account, he has filed an opposition, claiming that the trustee has erroneously

omitted from the account his claim for $25 as a reasonable fee for preparing the schedules. and representing the bankrupt, and for reimbursement of $20 advanced by him on behalf of the bankrupt for costs of court when the schedules were filed on April 18, 1924. The referee made the order complained of, dismissing his opposition, because he had no proof of claim, or filed no claim, within one year of the adjudication.

It appears from the schedules that the only asset surrendered was an item on "Personal Property, Schedule B–2, A—Cash on hand," reading "With Yazoo & Mississippi Valley Railroad as security as employé, $82." On October 9, 1922, the referee made an order directing the railroad company to pay this amount over to the trustee for administration. The bankrupt's attorney, Mr. Maloney, resisted the order on the ground that under the terms of his employment the bankrupt would lose his position with the railroad company if the indemnity deposit were withdrawn. Upon a review of this order of the referee, June 25, 1926, I sustained the referee and dismissed the petition for review.

Accordingly the trustee collected the amount. On September 10, 1926, the trustee filed his account, omitting the attorney's claim as first stated above. Under these circumstances, peculiar to the case, the attorney cannot be considered as guilty of laches, and is equitably entitled to relief. The filing of such claim by the attorney in this estate, where the single asset was not available to the trustee, except after judicial proceeding, would have been but a vain gesture.

Accordingly the order complained of will be vacated and set aside, and the case remanded to the referee for further proceedings, in which the petitioner for review may be permitted to make proof of his claim, and, if proven, the trustee's account amended, and the attorney paid according to his rank.